**KENTUCKY BAR ASSOCIATION,
Complainant,**

**v.**

**William C. EVANS, Respondent.**

**No. 92–SC–835–KB.**

Supreme Court of Kentucky.

Dec. 17, 1992.

Barbara S. Rea, Bar Counsel, Frankfort, for complainant.

John R. Leathers, Lexington, for respondent.

### OPINION AND ORDER

Respondent, William C. Evans, was charged pursuant to SCR 3.190 with engaging in unethical and unprofessional conduct in violation of the Kentucky Rules of Professional Conduct, SCR 3.130–8.3, which states:

"It is professional misconduct for a lawyer to:

. . . .

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

The charge arose from an incident on June 5, 1991, in the Fayette County District Court Building. On that date, respondent approached William Davis, an attorney with whom respondent had hostile relations, and shot him in the abdomen. A bystander was injured by the same shot. Davis attempted to retreat, but respondent followed him into a courtroom where he beat Davis on the head with the gun. In addition, respondent threatened a court bailiff with the gun during the altercation. Respondent surrendered shortly thereafter and was placed under arrest.

On November 19, 1991, a final judgment was entered against respondent in Fayette County Circuit Court. Respondent entered a plea of guilty to two counts of assault under extreme emotional disturbance and

one count of wanton endangerment in the first degree. The trial court ordered respondent's five-year sentence probated for a period of five years subject to certain conditions. Our Court temporarily suspended respondent by Order of March 12, 1992.

On September 28, 1992, the Board of Governors concluded in a 15–0 decision that respondent is guilty of violation of SCR 3.130–8.3(b), *supra*, and should be disbarred. There is sufficient evidence in this case to sustain such a finding, and we therefore adopt the decision and recommendation of the Board of Governors.

The respondent is disbarred from the practice of law in the Commonwealth of Kentucky.

The respondent is ordered to notify all courts in which he has matters pending, all clients for whom he is actively involved in litigation, and similar legal matters, of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within 10 days of the date of this Order, and respondent shall simultaneously provide a copy of all such letters to the Director of the Kentucky Bar Association.

The respondent shall seek reinstatement only under the provisions of SCR 3.520, and the respondent shall pay the costs of this action. The period of time during which the respondent was temporarily suspended from the practice of law shall be credited against the minimum waiting period required by SCR 3.520 for the filing of an application for reinstatement.

The Order shall constitute a public record.

All concur.

ENTERED: December 17, 1992.

/s/ Robert F. Stephens
Chief Justice